IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| WILLIAM PORTER LEWIS, III, # 1079125 | § § § | |
| v. | § § | CIVIL ACTION NO. G-04-527 |
| NATHANIEL QUARTERMAN, DIRECTOR OF TDCJ-CID[1] | § § § | |

**REPORT AND RECOMMENDATION**

      Before the Court is the Petition for a Writ of Habeas Corpus of William Porter Lewis, III, a prisoner in the Texas Department of Criminal Justice--Correctional Institutions Division ("TDCJ-CID"). Respondent filed an Answer with Brief in Support seeking dismissal with prejudice of Petitioner's claims. (Instrument No. 7). Petitioner filed a response (Instrument No. 9). Having carefully considered the Petition, the parties' motions and briefs, and the state court records, the Court submits its Report and Recommendation to the District Court.

      The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 212th Judicial District Court of Galveston County, Texas, in Cause Number 01CR1315, on January 14, 2002. Petitioner was indicted and charged with the offense of indecency with a child by

---

[1] The previous named Respondent in this action was Doug Dretke. Effective June 1, 2006, Nathaniel Quarterman succeeded Doug Dretke as Director of the TDCJ-CID and, under Rule 25(d)(1) of the Federal Rules of Civil Procedure, is automatically substituted as a party.

contact.² He pled guilty to the charge and was sentenced to eight years imprisonment. Petitioner did not file an appeal.

On May 28, 2002, Petitioner filed a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *Ex parte Lewis*, WR-57,719-01 at 1-11. The trial court judge submitted Findings of Fact and Conclusions of Law to the Texas Court of Criminal Appeals ("TCCA") recommending that the writ be denied. *Id*. at 17. The TCCA denied Petitioner's state habeas writ without written order on February 4, 2004. *Id*. at cover.

Petitioner filed the instant writ in federal court on July 28, 2004. In his federal habeas corpus application, Petitioner challenges his conviction for indecency with a child by contact and alleges he is entitled to federal relief based on the following grounds: (1) he received ineffective assistance of counsel; (2) the prosecutor violated his due process rights by destroying evidence that was favorable to him; and (3) he is actually innocent. Fed. Writ Pet. at 7; Pet'r Memo. of Law at 2.

*Claim #1: Voluntariness of Guilty Plea & Ineffective Assistance of Counsel*

Petitioner challenges his conviction, which was obtained by his plea of guilt, on the ground that defense counsel provided ineffective assistance of counsel. In particular, Petitioner alleges that he received ineffective assistance of counsel because his attorney: (1) failed to "conduct an adequate investigation of the case at large;" (2) "failed to subpoena and/or interview alibi/defense witnesses" (*i.e.*, Belle Lewis and Dorothy Lewis Head); and (3) "coerced [him] into a [sic] involuntary plea of guilty." Fed. Writ Pet. at 7; Pet'r Memo at 2; 3-6.

---

² Petitioner was also charged with indecency with a child by exposure in Cause Number 01CR1316. He pled guilty to this offense and his sentence was ordered to be served concurrently with his conviction for indecency with a child by contact in Cause Number 01CR1315. Petitioner clarifies, however, that he is not challenging the conviction in Cause Number 01CR11316 in the instant writ. Pet'r Memo. at 2.

The law is clear that "[a] plea of guilty and the ensuing conviction encompass all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *U.S. v. Broce*, 488 U.S. 563, 569 (1989). Consequently, a plea of guilty amounts to more than a mere confession, but is instead "an admission that [the defendant] committed the crime charged against him." *Id*. at 570; *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991). Any challenge to a conviction obtained by a guilty plea is limited to issues concerning the voluntariness of the plea, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

To meet constitutional requirements, a defendant's plea must be made with an understanding of the nature of the charges against him and the consequences of his plea. *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1389 (5th Cir. 1995). A defendant is considered to be fully aware of the consequences of his plea when he understands the length of time he might serve. *Spinelli v. Collins*, 992 F.2d 559, 561 (5th Cir. 1993). Formal plea declarations in open court carry a strong presumption of truth, and petitioners attacking such pleas must meet a heavy burden of proof. *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). Upon review of his federal habeas corpus application, the Petitioner does not, however, allege he did not understand the nature of the charges against him, and nothing in the record suggests he pled without such an understanding. Additionally, he does not allege that he did not comprehend the punishment range for the offense. Instead, Petitioner claims that his plea was involuntary because he was coerced to do so because his attorney provided ineffective assistance of counsel.

Claims of ineffective assistance of trial counsel are measured by the standards set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Hill v. Lockhart*, the Supreme Court

3

extended the application of *Strickland* to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. at 57-58. In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate, by a preponderance of the evidence, that his attorney's performance was deficient and that he was prejudiced as a result of the deficiency. *Strickland*, 466 U.S. at 687. A petitioner bears the burden of proof on both prongs of this test. *Id*. at 693. A failure to establish either prong of Strickland necessarily requires a finding that counsel's performance was constitutionally effective. *Id.* at 687. Judicial scrutiny of counsel's performance is highly deferential and a strong presumption is made that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). Counsel's advice to a defendant to accept a proposed plea agreement, in light of the facts and circumstances of the case, is normally considered to be a strategic choice that rests within counsel's professional judgment. *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992). Further, when reviewing these claims, a court must make every effort to eliminate the "distorting effects of hindsight." *Id*. In order to overcome the presumption of competency, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

To establish prejudice in the context of a guilty plea, a petitioner must establish that, but for his attorney's errors, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. A later self-serving statement made by the petitioner that he would not have pled guilty, unaccompanied by either a claim of innocence, or articulation of a plausible defense, is insufficient to establish this prejudice. *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (mere allegation that petitioner would not have pled guilty is insufficient); *Berkey v. U.S.*, 318 F.3d

768, 772-73 (7th Cir. 2003) (mere allegation that petitioner would have proceeded to trial is insufficient).

Petitioner's allegation that his attorney coerced him into pleading guilty rests largely on the contention that counsel warned him that he would go to prison, that he would likely lose in a jury trial, and that if he lost at trial he would get considerably more time than the sentence offered by the State in the plea bargain agreement. Pet'r Memo at 4. Petitioner presents no evidence or affidavits to support these contentions. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (absent evidence in the record, a court cannot consider a petitioner's bald assertions on a critical issue to be probative evidence). Even assuming Petitioner fully and accurately reported these comments, the statements will not suffice to support his claim that he was coerced. While not a factor in this case, the Fifth Circuit has explained that a defense attorney's assessment of the case and advice to accept a plea bargain will not render a guilty plea involuntary even if it is coupled with a threat to withdraw if the defendant refuses the plea. *Uresti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987). Even where a bona fide defense exists, counsel may still advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances. *United States v. Cronic*, 466 U.S. 648, 657 n. 19 (1984). Nor does Petitioner's desire to limit the possible penalty render a guilty plea involuntary. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

Moreover, Petitioner's formal declarations made in person, in writing, and in open court, and which carry a strong presumption of truth, stand in stark contrast to the claims he now makes. In particular, the record clearly reflects that he was admonished by the trial judge that he was charged with the second degree felony offense of indecency of a child by contact and he was informed of the range of punishment for indecency with a child by contact if he were convicted. Resp's Supplement to State Court Records. Petitioner informed the trial court that he was mentally competent, he

understood the court's admonishments and was aware of the consequences of his plea, and that he was freely and voluntarily pleading guilty and, stipulating that the facts contained in the indictment were true and correct and constituted evidence in the case, was confessing his guilt to having committed each and every element of the offense of indecency with a child by contact. *Id*. Petitioner informed the trial court he was completely satisfied with the representation his attorney had provided him. *Id*. Petitioner acknowledged that by pleading guilty he understood that he was giving up his right to a jury trial, his right to appearance, and right to confrontation and cross-examination of any witnesses and was waiving these rights. *Id*. The trial court judge then, being satisfied that Petitioner was competent, that he understood the charges against him and the range of punishment, that he had not been influenced into pleading guilty based on any consideration of fear or any coercion, and that he was freely and voluntarily pleading guilty to the charge against him, accepted his plea of guilt.[3] *Id*. Petitioner, making nothing more than self-serving allegations that his pleas was involuntary, has not satisfied his heavy burden of rebutting the presumption of the declarations he made in open court. *Babb v. Burdick*, 61 F.Supp.2d 604, 606 (S.D. Tex. 1999); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994); *see also Rogers v. Maggio*, 714 F.2d 35, 39 n. 5 (5th Cir. 1983) (defendant who at a plea hearing answered "no sir" to question about whether he had been threatened, coerced, or promised anything for pleading guilty was bound by such answer in his claim for federal relief and was not entitled to an evidentiary hearing on issue of whether he

---

[3] When the trial court judge is convinced that Petitioner's decision to enter a plea of guilty was voluntary in that it was made knowingly, intelligently, and not as the result of coercion by the State or anyone else, he is, in essence, making a credibility determination. The trial court's credibility evaluation is entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1); *Cantu v. Collins*, 967 F.2d 1006, 1015 (5th Cir. 1992); *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001) (presumption of correctness applies to both explicit and implicit findings necessary to support a state court's conclusions of mixed law and fact).

was coerced into pleading guilty). Petitioner's claim that guilty plea was not entered voluntarily or was coerced is simply without merit.

Petitioner's first and second claim of ineffective assistance of counsel must also be dismissed. Since the record reflects that Petitioner entered his guilty plea knowingly, intelligently, and voluntarily, he has effectively waived all of the non-jurisdictional defects that he now complains. *Tollett v. Henderson*, 411 U.S. at 267; *see also Smith v. Estelle*, 711 F.2d at 682 (5th Cir. 1983) (except as the alleged ineffectiveness relates to the voluntariness of the plea, claims of ineffective assistance of counsel are waived where petitioner did not allege or establish that his guilty plea was entered as a result of attorney's conduct); *see also Magallanes v. Scott*, 43 F.3d 670 (5th Cir. 1994) (concluding that ineffective assistance of counsel claims, which included allegations of failure to investigate a self-defense theory, failure to adequately meet and consult with him regarding case, and failure to introduce evidence concerning the victim's propensity for violence, were waived).[4]

---

[4] Even to the extent his first and second claim were not waived, they are without merit. In order to establish that counsel was ineffective for failing to investigate the case and for failing to interview or subpoena witness, the Petitioner must do more than merely allege a failure. Instead, he must state, with specificity, what the investigation would have revealed, what specific evidence would have been disclosed, and how the evidence would have altered the outcome of the trial. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *Rose v. Johnson*, 141 F.Supp.2d 661, 691 (S.D. Tex. 2001). Moreover, claims that counsel was ineffective for failing to call witnesses requires a petitioner to show that the testimony would have been favorable and that the witness would have testified at trial. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Here, while Petitioner points to the two affidavits to support this claim against counsel, he himself states that he had the affidavits, dated September 15, 2001, knew of their contents, and shared them with counsel, well before he pled guilty in January 2002. Counsel's recommendation to Petitioner to accept the plea bargain agreement because, in his legal opinion, the affidavits "would not work and if Petitioner 'was [sic] to take his case to a jury trial, Petitioner would lose...'" falls squarely within the ambit of an attorney's reasonable professional judgment. *Black v. Collins*, 962 F.2d at 401.

As a final matter, Petitioner presented the same claims in his state habeas corpus writ that he now presents in his federal habeas corpus application. The state court, having reviewed and considered Petitioner's claims, denied his request for relief. *Ex parte Lewis*, WR-57,719-01 at 6. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court cannot grant habeas corpus relief unless the petitioner shows that the state habeas court's result was contrary to, or involved an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 406 (2000). In making this determination, a federal court's focus is on reasonableness of the state court's ultimate legal conclusion, not its reasoning. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). Petitioner has made no such showing, nor does this Court find that the state court's decision was either contrary to or based on an objectively unreasonable application of clearly established federal law. Accordingly, Petitioner is not entitled to federal habeas corpus relief under section 2254.

The Court **RECOMMENDS** that the Petition be **DENIED** on these claims.

*Claim #2: Prosecutor Destroyed Evidence*

Petitioner appears to allege that the Prosecutor either failed to disclose or destroyed evidence of the victim's statement that her biological father, not her step-father (*i.e.*, Petitioner), touched and exposed himself to her.[5] Fed. Writ Pet. at 7; Pet'r Memo. at 8. Petitioner claims that had he known this, he would never have pled guilty to the offense.

The prosecution is not permitted to suppress, much less destroy, evidence favorable to the accused. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *see also Arizona v. Youngblood*, 488 U.S. 51,

---

[5] Petitioner does not identify the particular nature of the evidence that he refers to. Moreover, as observed by the Respondent, Petitioner's claim appears to have morphed from a failure to disclose evidence into a claim that evidence was destroyed. *Compare Ex parte Lewis*, at 6 *with* Pet'r Memo. at 8.

8

58 (1988) (duty exists to preserve potentially useful evidence).  With regard to a destruction of evidence claim, the law is clear that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488 U.S. at 58.  A petitioner seeking habeas relief based on an alleged failure to disclose or *Brady* violation must establish that "(1) the prosecution withheld evidence, (2) the evidence was favorable to the petitioner, and (3) the evidence was material." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).  "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985).  However, a defendant cannot prevail on a claim that evidence was suppressed if he either knew or should have known about the essential facts permitting him to take advantage of any exculpatory evidence.  *Lawrence v. Lensing,* 42 F.3d at 257-58.

Regardless of how this issue is couched, however, it is unfounded because Petitioner not only concedes that he knew about the statement the victim had made that her father had touched her inappropriately, but knew of the statement *before* he pled guilty.  Accordingly, Petitioner's claim is without merit and must be dismissed.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this point.

*Claim #3:  Actual Innocence*

Petitioner, while pleading guilty to the offense in open court after being properly admonished by the trial court judge, now asserts that he is actually innocent.  In support of his claim, Petitioner submits what he refers to as "newly discovered" evidence which consists of sworn affidavits from Belle Lewis and Dorothy Lewis Head.  Pet'r Memo., Ex. A & B.

A claim of actual innocence based on newly discovered evidence does not state a basis for relief in a federal writ of habeas corpus absent an independent constitutional violation. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Having failed to establish an independent constitutional violation, Petitioner's claim is without merit. Even assuming that Petitioner could establish an independent constitutional violation, his claim is without merit. The law is clear that "the miscarriage of justice exception is concerned with actual as compared to legal innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). "To be credible," a claim of actual innocence must be based on "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). If the petitioner asserts his actual innocence of the underlying crime, he must demonstrate that, "in light of all the evidence . . . it is more likely than not that no reasonable juror would have convicted him." *Id.* at 328.

Petitioner has failed to make any such showing. In particular, while Petitioner states these affidavits are "newly discovered" evidence of his innocence, they are, in fact, nothing more than reiterations of the same sworn statements that both these individuals made on September 15, 2001, and which Petitioner concedes he had *before* he voluntarily chose to accept the plea agreement and enter a plea of guilty in open court in January 2002. Accordingly, the Court finds the information

he now claims to be "new evidence" is neither new nor reliable[6] evidence that establishes that he is actually innocent.

Finally, considering that the state court's decision rejecting Petitioner's claim was either contrary to or based on an objectively unreasonable application of clearly established federal law, he is not entitled to relief under section 2254.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this point.

## CONCLUSIONS

For all the reasons stated herein, the Court **RECOMMENDS** that the Petition for a Writ of Habeas Corpus of William Porter Lewis, III (Instrument No. 1) be **DISMISSED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **June 28, 2007**, to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the

---

[6] Petitioner maintains that the affidavits of Belle Lewis and Dorothy Lewis Head establish his innocence, and appears to place great emphasis on the fact that both state that the victim was not in Texas City, Texas on December 31, 1999, which is the date alleged in indictment. In fact, however, the indictment alleges that Petitioner committed the offense "on or about" December 31, 1999 (*Ex parte Lewis*, WR-57,719-01 at 20), and, under Texas law, "[t]he State is not bound by the date on or about which the offense is alleged to have been committed and a conviction may be had upon proof that the offense was committed at any time prior to the return of the indictment which is within the period of limitation." *Hill v. State*, 544 S.W.2d 411, 413 (Tex.Crim.App. 1976).

prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____12th____ day of June, 2007.

_____
John R. Froeschner
United States Magistrate Judge